No. 42          October 2, 2025          375

IN THE SUPREME COURT OF THE
STATE OF OREGON

Ron ADELSPERGER;
Sally Adelsperger; Walter Arnold; Sandy Arnold;
Larry Brewer; Marilyn Brewer;
James Brown; Lonna Brown;
Bill Burgess; Jane Burgess; Shirley Calkins;
Jerry Christensen, aka Gerald Christenson;
Cindy Christensen, aka Cynthia Evans-Christensen;
Russell Cobb; Norma Cobb; Ron Ellis; Sallie Ellis;
Amy Flickenger Pierpoint, aka Amy Flickenger-Pierpoint;
Glen Pierpoint; Mike Fredrickson; Tresea Fredrickson;
David Fulcer; Sarah Fulcer;
Jack Gibson; Sharon Sue Gibson, aka Sue Gibson;
Mary Gray; Rudolph Hanna; Brenda Hanna;
Gerald Hastings, aka Jerry Hastings; Shirley House;
Michael Huntley; Gloria Huntley;
Rodney Hyde, aka Rod Hyde; Patricia Hyde;
Johnnie Issacs, aka Johnnie Isaacs;
Rowina Issacs, aka Rowena Isaacs;
Don Johnson, aka Donald Johnson; Linda Johnson;
Robert Kasmar; Linda Kasmar;
Kraig Knutson; Barbara Knutson;
Tom Kuntz; Brenda Kuntz; Richard Mathis; Linda Mathis;
Gary McCord; Marie McCord; David McReynolds;
Joseph Moore; Geraldine Moore;
Adam Morgan; Vicky Morgan, aka Victoria Morgan;
Thomas Noel; William Oar;
Donald Partridge, aka Don Partridge;
Lucille Partridge, aka Lucy Partridge;
Craig Pedersen; Cheryl Pedersen;
David Smith; Carol Smith;
William Thomas, aka Bill Thomas; Jackie Thomas;
Fred Waidtlow; Linda Waidtlow;
Gary Wayman; Charlotte Wayman;
David Weberg; Jeanne Weberg;
Forrest Wheeler; and Jane Wheeler,
*Petitioners on Review,*

*v.*

ELKSIDE DEVELOPMENT LLC,
Successor in Interest to
Osprey Point RV Park, LLC et al.,
*Defendants,*
*and*

BARNETT RESORTS, LLC,
an Oregon Limited Liability Company,
dba Osprey Point RV Resort,
*Respondent on Review.*

(CC 19CV14756) (CA A174291) (SC S070210)

On respondent on review's petition for reconsideration filed June 12, 2025; considered and under advisement on September 9, 2025.\*

Julie A. Smith, Cosgrave Vergeer Kester, LLP, Portland, filed the petition for reconsideration on behalf of respondent on review. Also on the petition were Nellie Q. Barnard and Andrew J. Lee, Schwabe Williamson & Wyatt, PC, Portland.

Dan G. McKinney, Douglas County Law, Roseburg, filed a response for petitioners on review.

MASIH, J.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

_____
\* 373 Or 621, 568 P3d 908 (2025); on review from the Court of Appeals, 322 Or App 809, 523 P3d 142 (2022).

**MASIH, J.**

Barnett Resorts, LLC (defendant) has petitioned for reconsideration of our decision in *Adelsperger v. Elkside Development LLC*, 373 Or 621, 568 P3d 908 (2025), raising prudential, jurisprudential, legal, and factual challenges to the decision. We allow reconsideration for the limited purpose of addressing several of the factual challenges raised by defendant.

First, defendant correctly objects to our use of the term "market price." Accordingly, we modify our statement at 373 Or at 624 by deleting our reference to that term as noted in the following text in boldface and strikethrough:

> "Defendant Elkside Development LLC (Elkside), owner and operator of the campground, advertised and sold it to defendant Barnett Resorts, LLC (defendant)**, at the below-market price of for** $1.995 million, with full disclosure of the existence and terms of plaintiffs' membership contracts and a desire that those contracts be honored."

Second, defendant objects to two related statements concerning the appraised value: (1) "The $2.8 million appraised value was based solely on the RV Park real property, personal property (furniture, fixtures and equipment), and surplus land value." *Adelsperger*, 373 Or at 628. And (2) "[t]hat value was based solely on the RV Park real property, personal property (furniture, fixtures and equipment), and surplus land value." *Id.* at 661 n 27. In its petition, defendant correctly points out that those statements are incorrect because the "appraisal was also based on the value of the property as a 'going concern[.]'"

Accordingly, we replace the first statement at 373 Or at 628 with the following text in boldface:

> "Before the sale was finalized, defendant was aware that the list price was significantly less than the property's appraised value of $2.8 million. **In a cover letter to the appraisal, the appraiser explained that 'the "as is" market value of the subject's fee simple interest as of March 2, 2017, as a "going concern" is estimated to be $2,800,000' and that that value estimate included 'land, improvements, and personal property.'**"

We also replace the second statement at 373 Or at 661 n 27 with the following text in boldface:

> "**As noted above, the appraiser's cover letter indicated that the value included 'land, improvements, and personal property.'**"

Finally, defendant notes that it did not "deny the existence of the membership contracts and immediately experience an appreciation in the value of the property at the expense of the elderly plaintiffs." *Adelsperger*, 373 Or at 661. Defendant argues that, "given [our] conclusion that the membership contracts in fact created equitable servitudes that ran with the land, the property never *appreciated* in value." (Emphasis in original.) For clarity, we replace our statement at 373 Or at 661 as noted in the following text in boldface:

> "And finally, as noted above, defendant purchased the property for less than its appraised value—a purchase price that reflected Elkside's assessment that the membership contracts 'went with the park'—only to turn around and **refuse to honor the membership contracts at the expense of the elderly plaintiffs**.[27]"

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.